```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                    5:06CV134-MU-02
```

```
DEWAYNE LEE ANTHONY,        )
     Plaintiff,             )
                            )
         v.                 )          ORDER
                            )
KEITH WHITENER, Assis-      )
  tant Superintendent at    )
  The Alexander Correc-     )
  tional Institution;       )
REGGIE WEISNER, Admini-     )
  strator at the Alexan-    )
  der Correctional Insti-   )
  tution; and               )
CASEY AMMONS, Program Co-   )
  ordinator at the Alex-    )
  ander Correctional        )
  Institution,              )
     Defendants.            )
_____)
```

**THIS MATTER** comes before the Court on review of the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed October 16, 2006. After careful consideration, for the reasons stated herein, the plaintiff's Complaint will be dismissed, ultimately, for his failure to state a constitutional claim for relief.

According to the Complaint, at all times relevant to this action, the plaintiff was an inmate in the custody and control of the North Carolina Department of Corrections. As best as can be

understood from this Complaint, on three separate occasions, urine samples which were collected from the plaintiff reportedly tested positive for marijuana usage. As a result, the plaintiff was found guilty of disciplinary infractions, and was made to spend time in the segregated unit of the Alexander Correctional Institution.

With specific regard to the defendants, the plaintiff alleges that defendant Weisner refused his request to receive a copy of the lab results; that defendant Ammons also failed to give him a copy of those results, but told him that the results had "c[o]me back negative for marijuana"; and that defendant Whitener also refused to give him a copy of the results, apparently because of a Department of Corrections policy which precludes such distribution. Consequently, the plaintiff speculates that he either is a victim of a cover-up--by virtue of the defendants' refusal to give him the subject lab reports, or of a mistake--by virtue of the fact that he takes certain prescription medications which can cause a false-positive result.

Ultimately, the plaintiff asks this Court to order the appropriate personnel to provide him with copies of the subject lab results, and to direct that the defendants be fired from their jobs and prohibited from ever again working for the State of North Carolina. Suffice it to say, however, the instant requests must be denied.

Indeed, at the outset of this analysis, the undersigned notes that the documents which the plaintiff submitted with his Complaint reflect that he actually pled guilty to two of the three drug infractions with which he was charged. Thus, he could not possibly obtain any relief on his claims with respect to the two charges for which he admitted guilt.

Further, although the plaintiff did not plead guilty to the other infraction, he still cannot prevail on his request that he be given a copy of the lab result for that particular urine sample. That is, it is well settled that there simply is no constitutional right of access to prison files. Paine v. Baker, 595 F.2d 197, 200 (4th Cir. 1979). Accordingly, in the absence of any additional allegations which would justify this Court directing that he be given the subject copies, the plaintiff's indirect claim that his constitutional rights were violated by the defendant's refusal to give him copies of this particular lab result also must fail.

Finally, it goes without saying that the undersigned does not have the authority to direct that the North Carolina Department of Corrections terminate any of its employees even when the plaintiff prevails in a civil rights action under §1983. Consequently, inasmuch as the plaintiff has not prevailed here, he clearly cannot obtain any relief on his request that the defendants be terminated from their employment.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint is **DISMISSED** for its failure to state a constitutional claim for relief.  <u>See</u> 28 U.S.C. 1915(A)(b)(1).

**SO ORDERED.**

Signed: November 7, 2006

Graham C. Mullen
United States District Judge